**DILLINGHAM & MURPHY, LLP**
WILLIAM F. MURPHY (State Bar No. 82482)
ANGEL R. SEVILLA (State Bar No. 239072)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

Attorneys For Plaintiff
San Francisco Comprehensive Tours, LLC

E-filing

FILED
2011 MAR 17 P 4: 02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

LB

SAN FRANCISCO COMPREHENSIVE
TOURS, LLC dba SAN FRANCISCO
SHUTTLE TOURS, LLC and WINE
COUNTRY TOUR SHUTTLE,

        Plaintiff,

    V.

GROUPON, INCORPORATED AND
DOES 1-20, INCLUSIVE,

        Defendants.

CASE NO.

**CV11  1300**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

[JURY TRIAL DEMANDED]

Plaintiff SAN FRANCISCO COMPREHENSIVE TOURS, LLC dba SAN FRANCISCO SHUTTLE TOURS and WINE COUNTRY TOUR SHUTTLE ("San Francisco Comprehensive Tours" or "Plaintiff") asserts the following claims:

1.    This is an action in which Plaintiff San Francisco Comprehensive Tours seeks injunctive (and other) relief to stop and to prevent false and misleading business and advertising acts and practices, essentially "bait and switch" advertising, employed on Google.com by defendant GROUPON, INCORPORATED ("Groupon" or "Defendant").

## JURIDICTION AND VENUE

2.    Plaintiff SAN FRANCISCO COMPREHENSIVE TOURS, LLC, dba San Francisco Shuttle Tours and dba Wine Country Tour Shuttle, is a California limited liability company. San Francisco Comprehensive Tours' principal place of business is in San Francisco, California.

3.    Plaintiff is informed and believes and on that basis alleges and avers that defendant Groupon is incorporated in the State of Deleware, and has its principal place of business in Chicago, Illinois.

4.    This Court has subject matter jurisdiction over this action based on federal question jurisdiction, without regard to the amount in controversy, pursuant to 28 U.S.C. § 1331 in that Plaintiff San Francisco Comprehensive Tours asserts a claim for false advertising by defendant Groupon under the Lanham Act, 15 U.S.C. Section 1125(a)(1)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332, in that Plaintiff San Francisco Comprehensive Tours is deemed to be a citizen of the State of California because it is incorporated in and has its principal place of business in the State of California, and defendant Groupon is deemed to be a citizen of its State of incorporation (which is a State other than California) and a citizen of the State of Illinois, where it has its principal place of business.  The amount in controversy in this action, exclusive in interest and costs, exceeds $75,000.00.

5.    Venue of this action is proper in this Court in that the injury to Plaintiff's business caused by Defendant's wrongful conduct occurred and continues to occur in this judicial district, and is also proper in this Court because Defendant's liability to Plaintiff San Francisco Comprehensive Tours arose and continues to arise in this judicial district.

**THE PARTIES**

6.    Plaintiff San Francisco Comprehensive Tours has been offering tours of San Francisco, John Muir Woods, and the Northern California Wine Country since its inception in 2005. To the best of its knowledge, it is the only San Francisco city tour service combining a bus tour, short guided walking tours, and a Ferry/Bay cruise to Sausalito.  Unlike other tour companies, San Francisco Comprehensive Tours' marketing strategy is almost entirely dependent on the internet, and the ability of potential customers (usually, tourists from outside the San Francisco Bay Area) to locate it via internet searches on popular search engines such as Google.com ("Google").

7.    Plaintiff San Francisco Comprehensive Tours is informed and believes and on that basis alleges and avers that defendant Groupon is a deal-of-the-day website that is localized to major geographic markets worldwide.  As a "deal-of-the-day" website, Groupon prominently features a

1  new coupon from a different advertiser each day (along with a few other less-prominent discount

2  offers, which also change on a daily basis). Launched in November 2008, the first market for

3  Groupon was Chicago, followed soon thereafter by other cities, including but not limited to San

4  Francisco. Plaintiff is informed and believes that Groupon currently serves more than 150 markets

5  in North America and 100 markets in Europe, Asia and South America and has amassed 35 million

6  registered users. In December 2010 it publicly turned down an offer from California-based Google

7  to acquire Groupon for a sum in excess of $5 billion.

8                          **HOW GOOGLE'S ADWORDS PROGRAM WORKS**

9       8.      A user of a search engine such as Google receives two kinds of "results" from a

10  Google search. The first kind of result from a Google search is an informational display of links

11  ranked by the search engine in terms of how closely it appears to correspond with the user's search

12  terms. The user can click through the displayed links, and the operator of the website associated

13  with the displayed link is not charged by the search engine. The second kind of result from a

14  Google search is purchased placement of an advertiser's link. These purchased placements usually

15  appear above the informational search results on the first page of the search results, and alongside

16  the informational display of links on the first page of the search results.

17       9.      Most searches on search engines such as Google produce many, many pages of

18  informational search results. However, users will not typically view every page of a 20-page search

19  result before selecting particular websites to visit that appear to correspond to their search. Internet

20  advertisers and marketers accordingly strive to appear on the first page of a user's search relevant to

21  their businesses, because users are believed to be more likely to click through to a user's landing

22  page (a "landing page" is the first page a user is taken after clicking through a link) if the

23  advertiser's link appears on that first page.

24       10.     To address this need, Google operates an advertising auction service program known

25  as AdWords. Participants in this program, usually online marketers and advertisers such as

26  Plaintiff, draft short advertisements known as "AdWords" which include a "headline" and an ad

27  excerpt (see Exhibit A for a sample), and purchase the right to use keywords that will respond to a

28  user's search for such terms. When a user's Google search matches the selected keywords, Google

1  displays some of the AdWords advertisements (those ranked by Google as matching the search

2  request most closely) at the top of the list of search results, and others (ranked by Google lower in

3  terms of a match, but still a match) alongside the search results.

4      11.    AdWords is an advertising auction service.  Advertisers bid for favorable ad position

5  by "setting" the maximum they are willing to pay per ad click-through from their "AdWords" link.

6  The amount actually paid is set by Google pursuant to a constantly updated "auction" process in

7  which advertisers, such as Plaintiff and defendant Groupon, compete with each other for premium

8  ad placement by "bidding" on the maximum price they are willing to pay to Google for each click-

9  through by a user whose search includes the "keywords" purchased from Google by the advertiser

10  as part of the click-through price.

11      12.    The highest bidder, however, is not necessarily the advertiser who will be ranked

12  most highly on a given user's search results.  Instead, Google advises advertisers that it ranks

13  responsive advertisers using a combination of:  (a) the amount of the dollar bid; (b) the "relevance"

14  of the responsive advertiser's ad words to the user's search (e.g., if a user searched Google for "left-

15  handed monkey wrenches," a link stating that the advertiser sells "left-handed monkey wrenches"

16  would be ranked more highly, all other things being equal, that a link stating only that the advertiser

17  sells "monkey wrenches of all kinds"); (c) the popularity of the website measured in the number of

18  click-throughs it receives from users who search for that advertisers keywords, versus the number of

19  click-throughs received by other advertisers using the same keywords; and (d) how closely the

20  advertiser's "landing page" (i.e., the first page on which a user who clicks the advertiser's link lands

21  after clicking through) matches the user's search.  Google advises that factor (b) is given more

22  weight than factor (c), which in turn is given more weight than factor (d).  For an online explanation

23  of this process, go to http://www.youtube.com/watch?v=K7l0a2PVhPQ.

24      13.    The net result is that an advertiser whose ad is more closely aligned with a particular

25  user's search terms, and which has demonstrated popularity with users of those same search terms,

26  will be able to bid less for a favored ad placement than an advertiser whose ad is less-closely

27  aligned and who historically has not been as popular with users of the same search terms.

28      14.    Since approximately August of 2005, plaintiff San Francisco Comprehensive Tours

1   has participated in Google's "AdWords" program.  From the beginning of its participation until

2   approximately the Fall of 2010 (when Plaintiff first noticed that defendant Groupon was promoting

3   San Francisco Bay Area businesses), Plaintiff's participation in the Google program was satisfactory

4   and profitable.  Plaintiff's link was consistently displayed in one of the top 3-4 spots in the

5   purchased placement area where users searched for "San Francisco Tours," "Alcatraz Tours," and

6   "Napa Wine Tours."  Users who clicked through Plaintiff's AdWords link were taken directly to

7   Plaintiff's "landing page" which was its website where users could review and reserve Plaintiff's

8   tours of San Francisco, including Alcatraz Tour, or the Bay Area Wine Country.

9                      **GROUPON'S UNLAWFUL MANIPULATION OF THE SYSTEM**

10          15.     However,  beginning in about September of 2010, Plaintiff observed that the cost of

11  its click-throughs began to skyrocket, and its ranking in the purchased placement area for searches

12  including the terms "San Francisco Tours," "Alcatraz Tours," and "Napa Wine Tours" began to

13  decline.  At the same time, defendant Groupon's AdWords link began to appear at or near the top of

14  the purchased placement search results for Google searches including the terms "San Francisco

15  Tours," "Alcatraz Tours," and "Napa Wine Tours."

16          16.     Defendant Groupon, however, only offers discount coupons, typically, a different

17  major discount to a single different business in the San Francisco Bay Area each day (along with

18  some less-prominent other offers).   On most if not all days of the year, although defendant Groupon

19  uses the keywords "San Francisco Tours," "Alcatraz Tours," "Alcatraz Tickets," and "Napa Wine

20  Tours" it did not offer any such tours (after Plaintiff wrote to Groupon raising the issues addressed

21  in this Complaint, Groupon offered a one-day coupon on a "Duck Tour" in San Francisco – to the

22  best of Plaintiff's knowledge, this is the only coupon that is arguably a "San Francisco Tour" that

23  has been offered by or through Groupon since it began misusing its AdWords participation;

24  defendant Groupon also offered on one day one Berringer Wine coupon that could arguably be

25  called a "Napa Wine Tour," again after Plaintiff had written to Groupon raising the issues in this

26  complaint; defendant has never, to Plaintiff's knowledge, offered an Alcatraz Tour or Alcatraz

27  Tickets, much less at 50-90% off).  Similarly, although defendant Groupon's Ad Word headlines

28  read "San Francisco Tours," "Alcatraz Tours," or "Napa Wine Tours," and its Groupon ad excerpt

1  read "It's like San Francisco at 90% off" and "Do Napa at 50-90% off", defendant Groupon (except

2  for one or two occasions over the past 6 months did not offer any such tours at the time of the

3  search, and nothing in the ad reflected a 90% discount on anything at the time of the search.

4         17.    During the week of March 14, 2011, defendant Groupon apparently began using the

5  keywords "Alcatraz Tickets", advising consumers in its headline that it was selling "Alcatraz

6  Tickets – 1 ridiculously huge coupon a day" and informing consumers in its ad excerpt that they

7  could "[d]o **Alcatraz** CA at 50—90% off!" [emphasis in original].  See Exhibit B.  On the day in

8  question (March 15, 2011) when defendant Groupon was advising consumers that it had Alcatraz

9  tickets at 50-90% off, it was in fact featuring a coupon for discounted acting lessons.  That same

10  day, a search for Napa Tour deals found defendant Groupon offering "Napa Tour Deals" when in

11  fact it was offering the same discounted acting class coupon.  See Exhibit C.

12         18.    Here are some other examples, retrieved from Google searches conducted on

13  Thursday, February 24th, 2011:

14  **Keywords**: "San Francisco Tours"

15  **Groupon Headline**: San Francisco Tours

16  **Groupon Ad Excerpt**: It's like San Francisco at 90% off

17  **Result after clicking through**: No San Francisco Tour offered on associated landing pages

18  ****

19  **Keywords**: "Napa Wine Tours"

20  **Headline**: Napa Wine Tours

21  **Ad Excerpt**: Do Napa at 50-90% off

22  **Result after clicking through**:  No Napa Wine Tour offered on associated landing pages

23  ****

24  **Keywords**: "Alcatraz Tours"

25  **Headline**: Alcatraz Tours

26  **Ad Excerpt**: "Do Alcatraz CA at 50-90% off"

27  **Result after clicking through**:  No Alcatraz Tour offered on associated landing pages.

28

19.     Even the urls appearing in defendant Groupon's ad excerpts are inaccurate, and appear to be designed to enhance the "relevance" of Groupon's ad by falsely representing that Groupon has a web page addressing the search term in question.  For example, on March 16, 2011, defendant Groupon's ad excerpt below the headline "Napa Tours" advised the reader that its url was www.groupon.com/Napa.  Below defendant Groupon's headline "Alcatraz Tours – 1 ridiculously huge coupon a day" the ad excerpt touts a url at www.groupon.com/Alcatraz.  See Exhibit D.  But when each of these urls are accessed, the user lands on a page on Groupon's website that states "Oops!  That page doesn't exist."  The reader is invited to click through to a particular city, where they will be taken to Groupon's real coupon of the day which – except in an extraordinary circumstances (like the sudden appearance of the one day coupon for one "duck boat" tour about a week after Plaintiff wrote to Groupon raising these issues) – will not be what the user was searching for, or even close.  See Exhibit E.

20.     Defendant Groupon, by falsely representing to users and consumers in its headlines and in its ad excerpts that it provides access to San Francisco Tours, Napa Wine Tours, Alcatraz Tours, and the like, has been able to enhance artificially its ad ranking on the paid placement portion of Google search results for such tour terms.

21.     Defendant Groupon, by falsely suggesting that users who click-through to its ad may receive a San Francisco Tour at "90% off" or Alcatraz Tours "at 50-90% off" also artificially inflates its popularity score:  consumers naturally will click on a seemingly relevant ad offering them 90% off what they are searching for – who wouldn't?  By lying to consumers in its headlines and in its ad excerpts, Groupon winds up paying less per click-through than it would normally have to pay to get the desired ad placement.  Defendant Groupon's conduct has also resulted in drops in plaintiff San Francisco Comprehensive Tours' ranking, and Plaintiff has been forced to pay an artificially higher price per click-through on the keywords in question.  By using false terms in its headline and by falsely confirming in its ad excerpts that it offers the services suggested by the keywords (e.g., Napa Wine Tours; Alcatraz Tours), defendant Groupon's "relevance" score remains high because the ranking system accepts defendant Groupon at its word, and assumes that it is offering what it says it is offering.  But defendant Groupon's manipulation goes farther than that.

22.     By falsely representing to users and consumers interested in "San Francisco Tours" and "Napa Wine Tours" (and others, such as "Alcatraz Tours" and "Alcatraz Tickets") that it provides access to such services, defendant Groupon induces users and consumers to click through to its landing page. This, in turn, artificially raises defendant Groupon's objective popularity score, further cementing its placement at or near the top of the paid placement ads.

23.     At the time of the display of the ads set forth in paragraph 18 of this Complaint, the associated Groupon 'landing pages', and all other reviewable areas of defendant Groupon's website, offered no tours matching the keywords/headlines it displayed in response to Google searches. Additionally, no active promotions, on tours or other goods or services, offered the claimed "90% off".

24.     Instead, the "landing page" to which a consumer or user is directed after clicking on defendant Groupon's AdWords link for the first time requires the user/consumer to (a) confirm the city or region the consumer is searching, and (b) to give defendant Groupon the user's/consumer's email address. Then, and only then, does defendant Groupon reveal to the user/consumer that it is offering a coupon, in almost all of the occasions a coupon for goods or services totally unrelated to the keywords the user/consumer used to search Google (e.g., a coupon for discounted play at a billiards parlor is offered in response to a search for "San Francisco Tours"). See Exhibit F.

25.     As a result of its false and misleading advertising, in addition to diverting potential customers from Plaintiff and other legitimate tour sites, defendant Groupon acquires valuable information about users' and consumers' email addresses, interests, and geographic location, all of which is valuable information that can be used as part of a database for later commercial use or sale.

26.     A further result of defendant Groupon's false and misleading advertising is that defendant Groupon has diverted customers or potential customers from Plaintiff and its website by means of the same false and misleading factual representations.

27.     Plaintiff has been injured in fact by defendant Groupon's false and misleading advertising, suffering the loss of customers and potential customers who, once diverted, either give up their search in frustration, or pursue other avenues of advertising or information to locate tours in the San Francisco area. Plaintiff has been further injured in fact because defendant Groupon's false

statements in its headlines, its ad excerpts, and even its urls operate to make the amount Groupon has to bid to secure an advantageous ad position artificially low and make the price the Plaintiff has to bid to secure an advantageous ad position artificially high.

28.     Plaintiff and its business face irreparable harm that cannot be remedied by money damages as a result of defendant Groupon's unlawful conduct.  The diversion of Plaintiff's customers and the increased costs imposed on Plaintiff by defendant Groupon's conduct will force Plaintiff to close its business unless the Court enters injunctive relief requiring Groupon and those acting on its behalf or in concert with it to cease and desist from employing ad headlines, ad excerpts, and phony urls representing or implying that a product or service is currently being offered by Groupon or its advertisers when, in fact, such products or services are not currently being offered by Groupon or its advertiser.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE LANHAM ACT

29.     Plaintiff refers to and incorporates herein by reference as though set forth fully herein the allegations contained in Paragraphs 1-28 inclusive of this Complaint.

30.     15 U.S.C. § 1125(a)(1)(B) provides that "[a]ny person who, on or in connection with any goods or services, * * *  uses in commerce any * * * false or misleading description of fact, or false and misleading representation of fact, which * * * in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

31.     Defendant Groupon's participation in Google's AdWords program constitutes commercial advertising or promotion of its advertisers' goods and services.

32.     As alleged above, defendant Groupon's business practice of using keywords connoting goods or services which it and its coupon advertisers do not offer, and its use of AdWords and ad excerpts stating or suggesting that it is offering coupons for goods or services which it is not currently offering, constitute false and misleading descriptions of fact and false and misleading representations of fact.  Plaintiff is further informed and believes that defendant Groupon's use of

the terms "90% off" or "50-90% off" to describe the level of discounts its coupons offer (for services it and its advertisers do not offer) is also frequently if not always false and misleading.

33. As alleged above, defendant Groupon's business practice of using keywords constituting goods or services which it does not offer, and its use of AdWords and ad excerpts stating or suggesting that it is offering coupons for goods or services which it is not currently offering, constitute misrepresentations of the nature, characteristics, and qualities of its services and the commercial activities of its coupon advertisers.

34. Plaintiff San Francisco Comprehensive Tours has been injured and believes that it will likely continue to be injured in the future by defendant Groupon's false and misleading business practices, in that defendant Groupon has diverted potential customers from Plaintiff by falsely implying that it is offering the same services as Plaintiff. Plaintiff has further been injured and believes that it will likely continue to be damaged in that defendant Groupon's business practices have caused Plaintiff to be ranked lower and thus less desirably on purchased placement displays for searches such as "San Francisco Tours", "Napa Wine Tours," and "Alcatraz Tours."

35. Consumers are also injured and are likely to continue to be injured by defendant Groupon's false and misleading statements and representations of fact. Users who search Google for "San Francisco Tours", "Napa Wine Tours," and "Alcatraz Tours" expecting a responsive landing page from defendant Groupon instead find themselves hijacked to a "landing page" that first demands their geographic location, and then an email address, only to learn (after they have conveyed this valuable information about themselves) that defendant Groupon is offering no such services. Plaintiff is informed and believes and consumer injury ranges from annoyance and frustration at the waste of time to which Groupon has put them, up to a complete abandonment of the Google search.

36. Plaintiff has no plain, speedy or adequate remedy in money damages for the irreparable injuries cause to it by defendant's conduct. Plaintiff accordingly requests the entry of injunctive relief compelling defendant Groupon and those acting on behalf of or in concert with it to cease and desist from continuing to use keywords, ad words, and ad excerpts in response to Google searches that do not reflect the actual products and services being offered to the consumer at the

1    time of the user's search, and which do not accurately represent the discounts being offered at the

2    time of the user's search.

3        37.    Plaintiff further requests that the Court exercise its discretion to award attorneys' fees

4    to Plaintiff.

5        Wherefore, Plaintiff prays for injunctive relief and such money damages as it is able to prove

6    as set forth in the prayer of this Complaint.

7                            **SECOND CAUSE OF ACTION**

8                **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500**

9        38.    Plaintiff refers to and incorporates herein by reference as though set forth fully herein

10    the allegations contained in Paragraphs 1-37 inclusive of this Complaint.

11        39.    California Business and Professions Code Section 17500 makes it unlawful for any

12    business offering services or other things of value to the public "to make or disseminate or cause to

13    be made or disseminated before the public in this state, * * * in any newspaper or other publication,

14    or any advertising device, * * * or in any other manner or means whatever, including over the

15    Internet, any statement, concerning  * * * those services, professional or otherwise, or concerning

16    any circumstance or matter of fact connected with the proposed performance * * * which is untrue

17    or misleading, and which is known, or which by the exercise of reasonable care should be known, to

18    be untrue or misleading * * * *."

19        40.    California Business and Professions Code Section 17500 further makes it unlawful to

20    advertise a product or service "as part of a plan or scheme with the intent not to sell the property or

21    services, professional or otherwise, at the price stated therein or as so advertised."

22        41.    The conduct of defendant Groupon as alleged in this Complaint violates California's

23    Business and Professions Code Section 17500, in that defendant has, in its advertising on

24    Google.com, made at least the following untrue and misleading statements of fact:  (a) that it is

25    offering San Francisco Tours; (b) that it is offering Napa Wine Tours; (c) that it is offering Alcatraz

26    Tours and/or "Alcatraz Tickets"; and (d) that it was offering the foregoing tours at 50%-90% off.

27        42.    The foregoing untrue and misleading statements of fact were known by defendant to

28    be untrue and misleading at the time they were (and continue to be) displayed on the internet on

1    Google.com, or with the exercise of reasonable care should have been known to defendant to be

2    untrue or misleading.

3           43.    The foregoing untrue and misleading statements of fact establish a plan or scheme on

4    the part of defendant Groupon to advertise services, such as "San Francisco Tours," "Napa Wine

5    Tours," and "John Muir Woods Tours," with the intent not to sell the services as so advertised.

6           44.    The foregoing conduct on the part of defendant Groupon has caused plaintiff San

7    Francisco Comprehensive Tours injury in fact, in the form of diversion of customers and potential

8    customers from its website to the website of defendant Groupon.

9           45.    The foregoing conduct on the part of defendant Groupon is also causing injury and

10   damage to consumers and users, who are being tricked by defendant Groupon into providing it with

11   their valuable personal information based on untrue and misleading statements, and whose

12   legitimate searches for information on the internet are being hijacked by defendant.

13          46.    The conduct of defendant Groupon will, if permitted to continue, cause irreparable

14   harm to plaintiff San Francisco Comprehensive Tours, in that its money damages from defendant's

15   false and misleading advertising may in many instances be unknown or unprovable. Plaintiff's only

16   effective remedy is injunctive relief precluding and enjoining defendant Groupon and those acting

17   for, on behalf, or in concert with it from using AdWords headlines and keywords and ad excerpts

18   that represent a good or a service that Groupon is not in fact offering to users and consumers on the

19   day in question, at discounts that Groupon is not in fact offering to users and consumers on the day

20   in question.

21          Wherefore, Plaintiff prays for injunctive relief as set forth in the prayer of this Complaint.

22                            **THIRD CAUSE OF ACTION**

23   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

24          47.    Plaintiff refers to and incorporates herein by reference as though set forth fully herein

25   the allegations contained in Paragraphs 1-46 inclusive of this Complaint.

26          48.    California's false advertising law prohibits not only advertising which is false, but

27   also advertising which, although true, is either actually misleading or has capacity, likelihood or

28   tendency to deceive or confuse public.  California Business and Professions Code Section 17200

1  Google.com, or with the exercise of reasonable care should have been known to defendant to be

2  untrue or misleading.

3       43.     The foregoing untrue and misleading statements of fact establish a plan or scheme on

4  the part of defendant Groupon to advertise services, such as "San Francisco Tours," "Napa Wine

5  Tours," and "Alcatraz Tours" with the intent not to sell the services as so advertised.

6       44.     The foregoing conduct on the part of defendant Groupon has caused plaintiff San

7  Francisco Comprehensive Tours injury in fact, in the form of diversion of customers and potential

8  customers from its website to the website of defendant Groupon.

9       45.     The foregoing conduct on the part of defendant Groupon is also causing injury and

10  damage to consumers and users, who are being tricked by defendant Groupon into providing it with

11  their valuable personal information based on untrue and misleading statements, and whose

12  legitimate searches for information on the internet are being hijacked by defendant.

13       46.     The conduct of defendant Groupon will, if permitted to continue, cause irreparable

14  harm to plaintiff San Francisco Comprehensive Tours, in that its money damages from defendant's

15  false and misleading advertising may in many instances be unknown or unprovable. Plaintiff's only

16  effective remedy is injunctive relief precluding and enjoining defendant Groupon and those acting

17  for, on behalf, or in concert with it from using AdWords headlines and keywords and urls and ad

18  excerpts that represent a good or a service that Groupon is not in fact offering to users and

19  consumers at the time of the search, at discounts that Groupon is not in fact offering to users and

20  consumers at the time of the search.

21       Wherefore, Plaintiff prays for injunctive relief as set forth in the prayer of this Complaint.

22                       **THIRD CAUSE OF ACTION**

23  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

24       47.     Plaintiff refers to and incorporates herein by reference as though set forth fully herein

25  the allegations contained in Paragraphs 1-46 inclusive of this Complaint.

26       48.     California's false advertising law prohibits not only advertising which is false, but

27  also advertising which, although true, is either actually misleading or has capacity, likelihood or

28  tendency to deceive or confuse public. California Business and Professions Code Section 17200

1  precludes unfair competition, which means and includes "any unlawful, unfair or fraudulent

2  business act or practice and unfair, deceptive, untrue or misleading advertising * * * *."

3        49.    The conduct of defendant Group as alleged in this Complaint violates California's

4  Business and Professions Code Section 17200, in that defendant has, in its advertising on

5  Google.com, made at least the following untrue and misleading statements of fact:  (a) that it is

6  offering San Francisco Tours; (b) that it is offering Napa Wine Tours; (c) that it is offering Alcatraz

7  Tours and Tickets; and (d) that it was offering the foregoing tours at 50%-90% off.

8        50.    The foregoing untrue and misleading statements of fact were known by defendant to

9  be untrue and misleading at the time they were (and continue to be) displayed on the internet on

10  Google.com, or with the exercise of reasonable care should have been known to defendant to be

11  untrue or misleading.

12        51.    Defendant's conduct constitutes advertising and business practices that are unlawful

13  in that they violate the federal Lanham Act (15 U.S.C. § 1125(a)(1)(B)), California Business and

14  Professions Code § 17500 [false advertising], and the California Consumers Legal Remedies Act,

15  California Civil Code § 1770(a)(9) ["Advertising goods or services with intent not to sell them as

16  advertised" is unlawful], among others.

17        52.    Defendant's conduct also constitutes an unfair business practice within the meaning

18  of California Business and Professions Code Section 17200, in that defendant Groupon's false

19  advertising permits it to receive a higher ad placement at an artificially lower auction bid price per

20  click-through on the keywords it purchases, because its relevance and popularity scores are

21  enhanced by its false statements, and causes competitors to pay artificially higher auction prices.

22        53.    The foregoing conduct on the part of defendant Groupon has caused plaintiff San

23  Francisco Comprehensive Tours injury in fact and loss of money, in the form of diversion of

24  customers and potential customers from its website to the website of defendant Groupon and in the

25  form of higher costs for its continued participation in AdWords.

26        54.    The foregoing conduct on the part of defendant Groupon is also causing injury and

27  damage to consumers and users, who are being tricked by defendant Groupon into providing it with

28  their valuable personal information based on untrue and misleading statements, and whose

1   legitimate searches for information on the internet are being hijacked by defendant.

2        55.   The conduct of defendant Groupon will, if permitted to continue, cause irreparable

3   harm to plaintiff San Francisco Comprehensive Tours, in that its money damages from defendant's

4   false and misleading advertising may in many instances be unknown or unprovable. Plaintiff's only

5   effective remedy is injunctive relief precluding and enjoining defendant Groupon and those acting

6   for, on behalf, or in concert with it from using AdWords headlines and keywords that represent a

7   good or a service that Groupon is not in fact offering to users and consumers on the day in question.

8        56.   Plaintiff further seeks to have defendant Groupon disgorge any and all profits it has

9   made as a result of its unlawful, unfair, and fraudulent advertising and business practices.

10       Wherefore, Plaintiff prays for injunctive relief as set forth in the prayer of this Complaint.

11  **FOURTH CAUSE OF ACTION**

12  **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

13       57.   Plaintiff refers to and incorporates herein by reference as though set forth fully herein

14  the allegations contained in Paragraphs 1-56 inclusive of this Complaint.

15       58.   Plaintiff San Francisco Comprehensive Tours has enjoyed a longstanding and

16  successful relationship with users of Google searches, has an established track record of converting

17  into customers many of those users who search Google using terms such as "San Francisco Tours"

18  and "Napa Wine Tours," and a high probability of continuing to convert similar Google users in the

19  future.

20       59.   Defendant Groupon knew that Plaintiff and business entities similar to Plaintiff's

21  business were using Google AdWords to market their tours and were competing with Defendant

22  Groupon for the most coveted placement of their links through the AdWords auction process.

23       60.   The conduct of defendant Groupon as alleged herein was substantially certain to

24  undermine and interfere with Plaintiff's prospective business relationships with Google users by

25  artificially driving Plaintiff's ad placement farther down the list and thus prevent Plaintiff from

26  marketing to these users as effectively and with as much success as it would absent defendant's

27  wrongful conduct.

28       61.   The conduct of defendant Groupon, as alleged in this Complaint, was independently

1 | unlawful.

2 |       62.     Defendant Groupon's conduct was a substantial factor in disrupting Plaintiff's

3 | prospective economic relationship with Google users, causing Plaintiff to suffer actual injury.

4 |       Wherefore, Plaintiff prays for injunctive relief and such money damages as it is able to prove

5 | as set forth in the prayer of this Complaint.

6 |       A.     For the entry of a temporary restraining order enjoining defendant Groupon

7 | and those acting for, on behalf of, or in concert with defendant Groupon from using headlines,

8 | keywords, ad excerpts, or urls in response to Google searches that represent or imply a good or a

9 | service that Groupon and its advertisers are not in fact offering to users and consumers at the time of

10 | the search, at discounts that Groupon and its advertisers are not in fact offering to users and

11 | consumers at the time of the search, including but limited to the terms "San Francisco Tours,"

12 | "Napa Wine Tours," "Alcatraz Tours," and "Alcatraz Tickets." Plaintiff further requests the

13 | issuance of an order to show cause why the Court should not enter a preliminary injunction

14 | providing the same relief during the pendency of this action;

15 |       B.     For the issuance of preliminary and permanent injunctive relief enjoining

16 | defendant Groupon and those acting for, on behalf of, or in concert with defendant Groupon from

17 | using AdWords, headlines and keywords and ad excerpts in response to Google searches that

18 | represent a good or a service that Groupon and its advertisers are not in fact offering to users and

19 | consumers at the time of the search, including but limited to the terms "San Francisco Tours,"

20 | "Napa Wine Tours," "Alcatraz Tours," and "Alcatraz Tickets," at discounts that Groupon and its

21 | advertisers are not in fact offering to users and consumers at the time of the search;

22 |       C.     For an award of damages according to proof on Plaintiff's claim for

23 | interference with prospective business relations for disgorgement of any profits Groupon has made

24 | as a result of its unlawful conduct;

25 |       D.     For an award of Plaintiff's attorneys' fees based on its claims under the

26 | Lanham Act and on its other claim pursuant to California Code of Civil Procedure Section 1021.5;

27 | and

28 | //

1

     E.       For such other and further relief as the Court deems proper.

2

3  Dated:  March 17, 2011.

                    DILLINGHAM & MURPHY, LLP

4                        WILLIAM F. MURPHY

5                        ANGEL R. SEVILLA

6

7

8                By: _____

                   Attorneys for Plaintiff

9                  SAN FRANCISCO COMPREHENSIVE TOURS,
                  LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on

3

all issues permitted to be tried to a jury.

4

Dated: March 17, 2011.

DILLINGHAM & MURPHY, LLP

5

WILLIAM F. MURPHY

ANGEL R. SEVILLA

6

7

8

9

By: _____

10

Attorneys for Plaintiff

SAN FRANCISCO COMPREHENSIVE TOURS,

11

LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28