LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
CLIFFORD C. WEBB (CSB No. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant,
GROUPON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO COMPREHENSIVE TOURS, LLC dba SAN FRANCISCO SHUTTLE TOURS and WINE COUNTRY TOUR SHUTTLE, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUPON, INCORPORATED and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: CV 11-01300-PJH<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CORRECTED SECOND AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Groupon, Incorporated ("Groupon"), hereby answers Plaintiff San Francisco Comprehensive Tours, LLC's ("Plaintiff") Corrected Second Amended Complaint ("SAC") as follows:

**JURISDICTION AND VENUE**

1.  Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the SAC and on that basis denies them.

2. In answer to Paragraph 2 of the SAC, Groupon admits that Groupon is incorporated in the State of Delaware and has its principal place of business in Chicago, Illinois.

3. Groupon neither admits nor denies the averments contained in Paragraph 3 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

4. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments of fact contained in Paragraph 4 of the SAC and on that basis denies them, except that Groupon explicitly denies having engaged in any "wrongful conduct," denies that Plaintiff's business has been injured in any way by any actions of Groupon, and denies any liability to Plaintiff or the purported class.

## THE PARTIES

5. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the SAC and on that basis denies them.

6. In answer to Paragraph 6 of the SAC, Groupon admits that it offers daily deals through its website, by e-mail, and mobile applications, offering consumers discounts on the fun and interesting things to do, see, eat, or buy in various markets around the world. Groupon further admits that it provides one featured daily deal and other less prominent discount offers each day. Groupon admits that it initially launched in Chicago and now provides it service in San Francisco as well as over 170 other markets in North America, and over 80 international markets. Groupon admits that it has over 80,000,000 subscribers. Groupon denies any remaining averments in Paragraph 6.

## CLASS ALLEGATIONS

7. Groupon admits that Plaintiff's SAC seeks to allege claims on Plaintiff's behalf and on behalf of a putative class. Groupon denies that the putative class alleged properly meets the requirements of Federal Rule of Civil Procedure 23.

8. Groupon denies each and every averment contained in Paragraph 8 of the SAC.

9. Groupon denies each and every averment contained in Paragraph 9 of the SAC.

10. Groupon denies each and every averment contained in Paragraph 10 of the SAC.

11. Groupon denies each and every averment contained in Paragraph 11 of the SAC.

12. Groupon denies each and every averment contained in Paragraph 12 of the SAC.

13. Groupon denies each and every averment contained in Paragraph 13 of the SAC.

14. Groupon denies each and every averment contained in Paragraph 14 of the SAC.

## **HOW GOOGLE'S ADWORDS PROGRAM WORKS**

15. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the SAC and on that basis denies them.

16. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the SAC and on that basis denies them.

17. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the SAC and on that basis denies them.

18. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of the SAC and on that basis denies them.

19. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19 of the SAC and on that basis denies them.

20. Groupon admits the averments of fact contained in Paragraph 20 of the SAC.

21. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the SAC and on that basis denies them.

22. Groupon admits that a video appears at the Internet address specified by Paragraph 22 of the SAC which purports to explain Google's advertisement auction process, but Groupon is without knowledge or information sufficient to form a belief as to the truth of statements in that video.

23. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the SAC and on that basis denies them.

24. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the SAC and on that basis denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## GROUPON'S MANIPULATION OF THE SYSTEM

25. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the SAC and on that basis denies them.

26. In answer to Paragraph 26 of the SAC, Groupon admits that it offers daily deals through its website featuring major discounts in the San Francisco Bay Area each day and was contacted by Plaintiff prior to the filing of this lawsuit, but denies any remaining averments in Paragraph 26.

27. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the SAC and on that basis denies them, except that Groupon denies that it began advertising using the keywords "Alcatraz Tickets" during the week of March 14, 2011.

28. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the SAC and on that basis denies them.

29. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the SAC and on that basis denies them.

30. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the SAC and on that basis denies them, except that Groupon denies that any of its advertising practices are inaccurate or make any false representations.

31. Groupon denies each and every averment contained in Paragraph 31 of the SAC.

32. Groupon denies each and every averment contained in Paragraph 32 of the SAC.

33. Groupon denies each and every averment contained in Paragraph 33 of the SAC.

34. Groupon denies each and every averment contained in Paragraph 34 of the SAC.

35. Groupon denies each and every averment contained in Paragraph 35 of the SAC, and further notes that no advertisements are discussed in Paragraph 18 of the SAC.

36. Groupon denies each and every averment contained in Paragraph 36 of the SAC, except that Groupon does collect e-mail addresses from its subscribers who choose to provide them for the purpose of receiving daily deals via e-mail.

37. Groupon denies each and every averment contained in Paragraph 37 of the SAC.

38. Groupon denies each and every averment contained in Paragraph 38 of the SAC.

39. Groupon denies each and every averment contained in Paragraph 39 of the SAC.

40. Groupon denies each and every averment contained in Paragraph 40 of the SAC.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE LANHAM ACT

41. Groupon realleges and incorporates by reference Paragraphs 1-40 of this Answer to Plaintiff's SAC.

42. Groupon admits that Paragraph 42 accurately quotes certain portions of 15 U.S.C. § 1125 that the SAC has chosen to reproduce.

43. Groupon neither admits nor denies the averments contained in Paragraph 43 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments requiring a response, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

44. Groupon denies each and every averment contained in Paragraph 44 of the SAC.

45. Groupon denies each and every averment contained in Paragraph 45 of the SAC. Defendant further specifically avers that the Court's Order of August 24, 2011, Docket No. 39, has already ruled that Plaintiff has no claim based on a theory that the purchase of AdWords alone is actionable.

46. Groupon denies each and every averment contained in Paragraph 46 of the SAC. Defendant further specifically avers that the Court's Order of August 24, 2011, Docket No. 39, has already ruled that Plaintiff has no claim based on a theory that the purchase of AdWords alone is actionable.

47. Groupon denies each and every averment contained in Paragraph 47 of the SAC.

48. Groupon denies each and every averment contained in Paragraph 48 of the SAC except that Groupon admits that Plaintiff's SAC seeks injunctive relief but denies that any such relief is appropriate.

49. Groupon admits that Paragraph 49 of the SAC requests an award of attorneys' fees but denies that any such award is appropriate.

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500

50. Groupon realleges and incorporates by reference Paragraphs 1- 49 of this Answer to Plaintiff's SAC.

51. Groupon neither admits nor denies the averments contained in Paragraph 51 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments requiring a response, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

52. Groupon neither admits nor denies the averments contained in Paragraph 52 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments requiring a response, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

53. Groupon denies each and every averment contained in Paragraph 53 of the SAC.

54. Groupon denies each and every averment contained in Paragraph 54 of the SAC.

55. Groupon denies each and every averment contained in Paragraph 55 of the SAC.

56. Groupon denies each and every averment contained in Paragraph 56 of the SAC.

57. Groupon denies each and every averment contained in Paragraph 57 of the SAC.

58. Groupon denies each and every averment contained in Paragraph 58 of the SAC.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

59. Groupon realleges and incorporates by reference Paragraphs 1-58 of this Answer to Plaintiff's SAC.

60. Groupon neither admits nor denies the averments contained in Paragraph 60 of the FAC because those averments are conclusions of law to which no response is required; to the

extent those averments may be deemed averments requiring a response, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

61. Groupon denies each and every averment contained in Paragraph 61 of the SAC.

62. Groupon denies each and every averment contained in Paragraph 62 of the SAC.

63. Groupon denies each and every averment contained in Paragraph 63 of the SAC.

64. Groupon denies each and every averment contained in Paragraph 64 of the SAC.

65. Groupon denies each and every averment contained in Paragraph 65 of the SAC.

66. Groupon denies each and every averment contained in Paragraph 66 of the SAC.

67. Groupon denies each and every averment contained in Paragraph 67 of the SAC.

68. Groupon denies each and every averment contained in Paragraph 68 of the SAC.

Groupon further specifically avers that the Court's Order of August 24, 2011, Docket No. 39, has already dismissed Plaintiffs' claim for the relief of non-restitutionary disgorgement requested in this paragraph.

## **PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Groupon denies that Plaintiff is entitled to judgment on any allegations or counts asserted in the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the Complaint.

Groupon further avers that any allegations not deemed to be specifically addressed in this Answer are hereby denied.

## **AFFIRMATIVE DEFENSES**

Groupon asserts the following affirmative defenses, without thereby assuming any burden of proof which may otherwise by law be vested in the Plaintiff:

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Cause of Action)**

1. The SAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Lack of Standing)

2. Plaintiff has no standing to seek relief on any claims alleged in the SAC on behalf of themselves or any other persons because they have not suffered any injury-in-fact, lost money or property as a result of the conduct of which they complain, nor suffered any commercial or competitive injury.

## THIRD AFFIRMATIVE DEFENSE
## (No Harm)

3. All rights to relief asserted by Plaintiff in the SAC are barred because Plaintiff has not suffered and will not suffer any damages or injury.

## FOURTH AFFIRMATIVE DEFENSE
## (No Proximate Cause)

4. All rights to relief asserted by Plaintiff in the SAC are barred because any damages or injury claimed by Plaintiff were not proximately caused by any act of Groupon, but rather resulted from an intervening cause in the form of an act by a third party.

## FIFTH AFFIRMATIVE DEFENSE
## (First Amendment)

5. Plaintiff's claims in the SAC are barred to the extent that they seek to enjoin or otherwise restrict commercial speech by Groupon in violation of the First Amendment of the United States Constitution and Article 1 Section 1 of the California constitution, including by seeking to enjoin Groupon's speech which is non-misleading or its purchase of keywords for products not being sold.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

6. Plaintiff has failed to act reasonably to mitigate the damages alleged in the SAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

7. Plaintiff's claims are barred, in whole or in part, because, or to the extent that, its purported injury, if any, resulted from independent acts of third parties and/or intervening causes not attributable to Groupon, including, without limitation conduct of the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

8. Plaintiff's claims are barred because Groupon's conduct was justified in light of all the facts and circumstances.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

10. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Actions of Others)

11. Plaintiff's claims are barred because Groupon is not liable for the acts of others over whom it has no control.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

## **PRAYER**

WHEREFORE, Groupon pray for judgment on the SAC as follows:

1. That Plaintiff take nothing by its SAC;
2. The SAC be dismissed with prejudice;
3. That judgment be entered for Groupon;
4. For costs of suit, including reasonable attorneys' fees; and
5. For such other and further relief as this Court may deem just and proper.

Dated: October 13, 2011　　　　　　　　　　FENWICK & WEST LLP

By: 　/s/ Laurence F. Pulgram
　　　　Laurence F. Pulgram

Attorneys for Defendant
GROUPON, INC.

## **DEMAND FOR JURY TRIAL**

Defendant Groupon, Inc. hereby demands a jury trial on all issues so triable.

Dated: October 13, 2011　　　　　　　　　　FENWICK & WEST LLP

By: 　*/s/ Laurence F. Pulgram*
　　　　Laurence F. Pulgram

Attorneys for Defendant
GROUPON, INC.